UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** | **CIVIL ACTION** |
| Plaintiff | |
| VERSUS | NO. 13-5178 |
| **EVOLUTION ENTERTAINMENT GROUP, LLC, et al.** | SECTION "E" |
| Defendants | |

## ORDER & REASONS

The Court has pending before it Plaintiff J&J Sports Production's motion for summary judgment against Defendants Evolution Entertainment Group, LLC, Brent D. Tigler, and Dwayne Thomas.[1] None of them filed an opposition to the motion. Accordingly, the Court considers Plaintiff's statement of uncontested facts to be admitted pursuant to LR 56.2. Although the dispositive motion is unopposed, summary judgment is not automatic and the Court must determine whether Plaintiff has shown entitlement to judgment as a matter of law. *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. Civ. P. 56(a).

According to Plaintiff's statement of uncontested facts and the affidavit of Joseph Gagliardi, President of J&J Sports Productions, Plaintiff owned the broadcast rights to the Mayweather/Ortiz championship boxing match on September 17, 2011.[2] According to the affidavit of a private investigator, the Social House, an alcoholic beverage establishment operated by Defendant Evolution Entertainment Group, LLC, charged an

---

[1] R. Doc. 26. Plaintiff previously voluntarily dismissed Joseph Delandro Lewis from the case. R. Doc. 28.
[2] R. Doc. 26-6 at 2.

1

entrance fee on September 17, 2011 and showed an undercard portion of the Mayweather/Ortiz broadcast.[3] Defendants Tigler and Thomas are the members of the Defendant LLC.[4] No Defendant lawfully licensed the boxing match from Plaintiff.[5]

Plaintiff filed suit in this Court. Plaintiff divides its Complaint into two counts but alleges violation of three federal statutes: (1) 47 U.S.C. § 605(a), which prohibits interception and publishing radio communication; (2) the Wiretap Act, 18 U.S.C. §§ 2511(1)(a), which prohibits intentional interception of any wire, oral, or electronic communication;[6] and (3) 47 U.S.C. § 553(a), which prohibits interception or reception of "any communications service offered over a cable system".[7]

Plaintiff now moves for summary judgment, apparently as to all claims against all Defendants. In its memorandum in support, Plaintiff focuses on imposing personal liability against Defendants Tigler and Thomas, without addressing the elements of its causes of action or explaining how the summary judgment evidence entitles it to judgment as a matter of law. For the following reasons, the Court concludes that Plaintiff has not shown it is entitled to summary judgment with respect to any claim against any Defendant at this time.

First, Plaintiff has not produced any competent summary judgment evidence with respect to Defendants Tigler or Thomas, other than their status as members of the Defendant LLC. But generally an LLC is a separate entity from its members, *see Ogea v. Merritt*, 130 So. 3d 888, 894-95 (La. 2013), and members are not liable for the liabilities of the LLC, *see* La. Rev. Stat. § 12:1320(B). Although a member may be personally liable

---

[3] R. Doc. 26-6 at 3; 26-13.
[4] R. Doc. 26-2 at 2; R. Doc. 26-11; R. Doc. 26-12.
[5] R. Doc. 26-6 at 3.
[6] Although § 2511 is a criminal statute, § 2520 creates a private right of action. *See DIRECTV, Inc. v. Bennett*, 470 F.3d 565, 569 (5th Cir. 2006).
[7] R. Doc. 1 at 7-12.

2

for his own negligent or wrongful acts, *see id.* at § 12:1320(D), Plaintiff has not presented any evidence of any conduct by Tigler or Thomas. Plaintiff has not even presented evidence that either was at the Social House on fight night. Thus, the Court agrees with the reasoning in *Joe Hand Promotions, Inc. v. Breaktime Bar, LLC*, granting summary judgment in favor of the member/manager of an LLC which operated a bar which showed a pay-per-view mixed-martial-arts event allegedly without permission. *See* 2014 WL 1870633, at *2 (W.D. La. May 8, 2014). In that case, as here, the plaintiff failed to "show some act by [the member] to circumvent her limited liability as a member of a LLC." *See id.*

Second, with respect to the 47 U.S.C. § 605 and § 553 claims as to all Defendants, Plaintiff has not presented any competent summary judgment evidence regarding whether the boxing match was delivered via cable, satellite, or otherwise. The Gagliardi affidavit lists numerous ways in which Plaintiff's programming has been intercepted from either cable or satellite transmissions, without opining as to what actually occurred in this case.[8] But § 605(a) governs interception of radio transmissions but not cable, and § 553(a) governs interception of cable transmissions but not radio; the two statutes are mutually exclusive. *See J&J Sports Prods., Inc. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 352-53 (5th Cir. 2014). In the absence of any evidence regarding how the boxing match was transmitted, Plaintiff has not established its right to judgment as a matter of law with respect to either statute. *See Breaktime Bar, LLC*, 2014 WL 1870633, at *4 (denying summary judgment because plaintiff had not "shown whether the PPV was broadcast via satellite or cable or how Breaktime intercepted the PPV," which precluded finding of violation of § 605 or § 553).

---

[8] R. Doc. 26-6 at 3-4.

Third, in the absence of any competent summary judgment evidence regarding how any Defendant obtained the broadcast, Plaintiff has not explained how 18 U.S.C. § 2511(1)(a) applies. Proof of a violation of § 2511(1)(a) entails proof of intentional, illegal interception. *See DirecTV, Inc. v. Robson*, 420 F.3d 532, 537 (5th Cir. 2006). This statute certainly applies to use of pirate access devices to decrypt a satellite transmission. *See, e.g.*, Robson, 420 F.3d at 536-37. But Plaintiff's own summary judgment evidence suggests that its programming can also be obtained through "purposeful misrepresentation of a commercial establishment as a residential property to allow the fraudulent purchase of a pay-per-view (or prohibited) programming at the residential rate."[9] Plaintiff has cited no authority at all regarding the scope of § 2511(1)(a), let alone authority suggesting this criminal wiretapping statute applies to ordering a pay-per-view event but misrepresenting the nature of the purchaser. In the absence of any competent summary judgment evidence regarding how any Defendant obtained the boxing match, the Court declines to conclude that Plaintiff has shown it is entitled to judgment as a matter of law with respect to the § 2511(1)(a) claim.

Accordingly, Plaintiff's summary judgment motion is **DENIED** in all respects at this time. Under these particular circumstances and in light of the upcoming August 18, 2014 trial date, Plaintiff may re-file a summary judgment motion addressing the deficiencies discussed above on or before Monday, July 28, 2014. Any Defendant may file an opposition to a renewed summary judgment motion before Monday, August 4, 2014.

---

[9] R. Doc. 26-6 at 5.

4

New Orleans, Louisiana, this 21st day of July, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE