UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 13-5178 |
| EVOLUTION ENTERTAINMENT GROUP, LLC, et al. | SECTION "E" |
| Defendants | |

### ORDER & REASONS

The Court has pending before it Plaintiff J&J Sports Production's second motion for summary judgment against Defendants Evolution Entertainment Group, LLC, Brent D. Tigler, and Dwayne Thomas.[1] None of them filed an opposition to the motion. Accordingly, the Court considers Plaintiff's statement of uncontested facts to be admitted pursuant to LR 56.2. Although the dispositive motion is unopposed, summary judgment is not automatic and the Court must determine whether Plaintiff has shown entitlement to judgment as a matter of law. *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. Civ. P. 56(a).

According to Plaintiff's statement of uncontested facts and the affidavit of Joseph Gagliardi, President of J&J Sports Productions, Plaintiff owned the broadcast rights to the Mayweather/Ortiz championship boxing match on September 17, 2011.[2] According to the affidavit of a private investigator, the Social House, an alcoholic beverage establishment operated by Defendant Evolution Entertainment Group, LLC, charged an

---

[1] R. Doc. 31. Plaintiff previously voluntarily dismissed Joseph Delandro Lewis from the case. R. Doc. 28.
[2] R. Doc. 26-6 at 2.

1

entrance fee on September 17, 2011 and showed an undercard portion of the Mayweather/Ortiz broadcast.[3]  Defendants Tigler and Thomas are the members of the Defendant LLC.[4]  No Defendant lawfully licensed the boxing match from Plaintiff.[5]

The Court denied an earlier motion for summary judgment because Plaintiff did not provide competent summary judgment evidence to allow the Court to conclude which law applied to Evolution's showing of the fight or whether Defendants Tigler or Thomas personally did anything to violate any statute.[6]  To remedy those deficiencies, Plaintiff filed a second motion and attached (1) a copy of Defendant Thomas's billing statement from DIRECTV, a satellite television provider, reflecting a charge for the Mayweather/Ortiz boxing match to a residential address, not the address of the establishment, and (2) an FCC statement identifying DIRECTV as satellite television provider.[7]  In the absence of any opposition filed by any Defendant, the Court concludes that this satisfies Plaintiff's burden to show that Defendant Evolution, through the actions of Defendant Thomas, intercepted a satellite broadcast of the Mayweather/Ortiz boxing match in contravention of Plaintiff's rights by making misrepresentations when purchasing a residential viewing license with the intent to broadcast the fight at a commercial establishment.

By demonstrating that the match was delivered to the establishment via satellite signal, Plaintiff has established that 47 U.S.C. § 605(a) applies.  *See J&J Sports Prods., Inc. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 352-53 (5th Cir. 2014); *see also Joe Hand Promotions, Inc. v. Breaktime Bar, LLC*, 2014 WL 1870633, at \*4 (W.D. La. May

---

[3]  R. Doc. 26-6 at 3; 26-13.
[4]  R. Doc. 26-2 at 2; R. Doc. 26-11; R. Doc. 26-12.
[5]  R. Doc. 26-6 at 3.
[6]  R. Doc. 29.
[7]  R. Docs. 31-5, 31-6.

8, 2014) (denying summary judgment because plaintiff had not "shown whether the PPV was broadcast via satellite or cable or how Breaktime intercepted the PPV"). And by providing unrebutted evidence of an affirmative misrepresentation by Defendant Thomas, Plaintiff has established that Thomas individually violated § 605(a) as well. Conversely, the Court rejects Plaintiff's apparent argument that Tigler has somehow "adopted" Thomas's violation in the course of this case; rather, the Court again concludes that there is no evidence in the record establishing a basis for Tigler's individual liability. *See Breaktime Bar, LLC*, 2014 WL 1870633, at *2 (granting summary judgment in favor of the member/manager of an LLC in the absence of evidence of "some act by [the member] to circumvent her limited liability as a member of a LLC"). To reiterate, the Court concludes that Plaintiff is entitled to summary judgment on its § 605(a) claim against Defendant Evolution and Defendant Thomas.[8] The Court *sua sponte* grants summary judgment against Plaintiff and in favor of Defendant Tigler on all claims against Tigler.

Under § 605, a private party may recover either its actual damages or statutory damages, as well as full costs and reasonable attorneys' fees. *See* 47 U.S.C. § 605(e)(3). In its Complaint, Plaintiff elected to pursue statutory damages for the §605(a) violation.[9] The Court may in its discretion award statutory damages for each violation of § 605(a) in the amount of $1,000 to $10,000, "as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). If the Court finds that "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain," the

---

[8] Because Plaintiff did not brief specifically address the applicability of 18 U.S.C. § 2511 to interception by misrepresentation, and because Plaintiff conceded in its Complaint that it does not seek double damages under two statutes for the same violations, *see* R. Doc. 1 at 11-12, the Court declines to reach Plaintiff's alternative claim under 18 U.S.C. § 2511.
[9] R. Doc. 1 at 12.

3

Court may "increase the award of damages . . . by an amount of not more than $100,000 for each violation."  *Id.* at § 605(e)(3)(C)(ii).

On this record, in which no Defendant has opposed any motion at any time, the Court concludes that Defendants Evolution and Thomas willfully violated § 605(a) for the purpose of private financial gain because they charged a cover at the Social House while showing the intercepted fight.  Accordingly, the Court finds it just to award $10,000 in statutory damages pursuant to § 605(e)(3)(C)(i)(II), and to award an additional $10,000 in statutory damages pursuant to § 605(e)(3)(C)(ii), as well as Plaintiff's full costs and reasonable attorney's fees.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's second summary judgment motion is **GRANTED** as to Plaintiff's 47 U.S.C. § 605(a) claim against Defendant Evolution and Defendant Thomas and **DENIED IN ALL OTHER RESPECTS**.  Plaintiff's claims against Defendant Tigler are **DISMISSED WITH PREJUDICE**.  **IT IS FURTHER ORDERED** that the issue of costs and reasonable attorneys' fees is **REFERRED** to the assigned United States Magistrate Judge for a report and recommendation.  Because this Order and Reasons resolves all claims in this case, the trial presently scheduled to begin on August 18, 2014 is canceled.

New Orleans, Louisiana, this 12th day of August, 2014

_____
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE