UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO. 13-5178 |
| EVOLUTION ENTERTAINMENT GROUP, LLC ET AL. | SECTION "E" (2) |

## FINDINGS AND RECOMMENDATION

This matter was referred to me for determination of the recoverable amount of costs and reasonable attorneys' fees. Record Doc. No. 39. Plaintiff's Motion for Attorney's Fees and Court Costs has now been filed. Record Doc. No. 41. Pursuant to my previous order, Record Doc. No. 40, defendants' deadline for filing their opposition memorandum, together with supporting evidence, was September 9, 2014. No memorandum in opposition to the motion has been received. Accordingly, this motion is deemed to be unopposed.

This is an action under the federal theft of satellite communications statute. 47 U.S.C. § 605. By Order and Reasons dated August 12, 2014, the presiding district judge granted summary judgment in favor of plaintiff, J&J Sports Productions, Inc. ("J&J"), and against two of the original defendants, Evolution Entertainment Group, LLC, ("Evolution") and Dwayne Thomas, in the total amount of $20,000.00, "as well as Plaintiff's full costs and reasonable attorneys fees," as provided in 47 U.S.C. § 605(e)(3). Record Doc. No. 39 at pp. 3-4. The claims against the two other original defendants

were dismissed with prejudice. Record Doc. Nos. 28 (voluntary dismissal of defendant Joseph Delandro Lewis) and 39 at p. 4 (denial of summary judgment and dismissal as to defendant Brent D. Tigler).

In its motion, plaintiff seeks either $5,730.00 in attorney's fees based on hours expended and its counsel's hourly billing rate of $300.00, or $6,600.00 based on a one-third contingent fee agreement. Record Doc. No. 41 at p. 2. "Plaintiff suggests that a fee between $4,000.00 and $6,600.00 would be a fair fee." Id. The only costs sought are the $400.00 filing fee paid to the clerk of court by counsel on behalf of his client. Record Doc. No. 41-2 at p. 1. The motion is supported by the affidavit of plaintiff's counsel, Ronnie J. Berthelot, with attached time records. Record Doc. Nos. 41-1 and 41-2.

The lodestar method is routinely used to determine attorney's fee awards in federal civil actions and applies in this case brought under a federal statute. Under the lodestar method,

> [t]he determination of a fees award is a two-step process. First the court calculates the "lodestar[,]" which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)[, abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87 (1989)].

Jimenez v. Wood Cnty., 621 F.3d 372, 379-80 (5th Cir. 2010) (citations omitted).

"The lodestar may not be adjusted due to a Johnson factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting." Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999) (citing City of Burlington v. Dague, 505 U.S. 557, 562 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 319-20 (5th Cir. 1993)); accord Perdue v. Kenny A., 130 S. Ct. 1662, 1669 (2010).

The Johnson factors are:

(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

Johnson, 488 F.2d at 717-19.

"[O]f the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998) (citation omitted). Three of the Johnson factors, complexity of the issues, results obtained and preclusion of other employment, are presumably fully reflected and subsumed in the lodestar amount. Heidtman, 171 F.3d at 1043 (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986);

Shipes, 987 F.2d at 319-22 & n.9). After Johnson was decided, the "Supreme Court has barred any use of the sixth factor," whether the fee is fixed or contingent. The Johnson factors are taken into account after the court has determined the lodestar amount. Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 772 (5th Cir. 1996) (citing City of Burlington, 505 U.S. at 567).

The lodestar "is presumptively reasonable and should be modified only in exceptional cases." Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) (citing City of Burlington, 505 U.S. at 562); accord Perdue, 130 S. Ct. at 1669, 1673; Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 490 (5th Cir. 2012); Jimenez, 621 F.3d at 380. Although the party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is warranted. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Wegner v. Std. Ins. Co., 129 F.3d 814, 822 (5th Cir. 1997); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 329 (5th Cir. 1995) (hereinafter "LP&L"). Defendants have made no effort to bear their burden of showing that any reduction is warranted.

The number of hours and billing rate reflected in the evidence are 23.4 total hours and $300.00 per hour. Of the total number of hours, plaintiff's counsel has requested compensation for only 19.1 hours, having deducted 4.3 hours spent on administrative functions in the exercise of prudent billing judgment. Record Doc. No. 41-2 at p. 3.

4

An attorney's requested hourly rate is prima facie reasonable when he requests that the lodestar be computed at his customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. LP&L, 50 F.3d at 329. In this instance, defendants have <u>not</u> contested the requested hourly rate. In addition, attorneys must exercise "billing judgment" by "writing off unproductive, excessive, or redundant hours" when seeking fee awards. <u>Green v. Admin'rs of Tulane Educ. Fund</u>, 284 F.3d 642, 662 (5th Cir. 2002), <u>abrogated in part on other grounds by</u> <u>Burlington N. & Santa Fe Ry. v. White</u>, 548 U.S. 53, 63-64 (2006) (citing <u>Walker</u>, 99 F.3d at 769); <u>accord</u> <u>Hensley</u>, 461 U.S. at 433-34. The fee seeker's attorneys are "charged with the burden of showing the reasonableness of the hours they bill and, accordingly, are charged with proving that they exercised billing judgment." <u>Walker</u>, 99 F.3d at 770.

The evidence establishes that J&J's counsel is in his 32nd year of law practice. I know from personal experience in this court that he has represented this client in other cases in which the same kinds of claims under the specialized federal statute that is the basis of this suit have been successfully prosecuted and/or settled. His reputation and ability are both good. Accordingly, I find that the requested hourly rate of $300.00 per hour for plaintiff's attorney is reasonable and within the prevailing market rates for lawyers with comparable experience in the New Orleans area legal market. See <u>Thompson v. Connick</u>, 553 F.3d 836, 868 (5th Cir. 2008), <u>rev'd on other grounds</u>, 131 S. Ct. 1350 (2011) (approving hourly rates up to $312 for experienced attorneys as "at

5

the upper range of what was reasonable in the" Eastern District of Louisiana from 2003 to 2007); Cedotal v. Whitney Nat'l Bank, No. 94-01397, 2010 WL 5582989, at *13 (E.D. La. Nov. 10, 2010) (Chasez, M.J.), report & recommendation adopted as modified,[1] 2011 WL 127157 (E.D. La. Jan. 14, 2011) (Lemmon, J.) (awarding rates of $315 for senior partners in ERISA litigation, based on current reasonable rate awards in this district); Ranger Steel Servs., LP v. Orleans Materials & Equip., Co., No. 10-112, 2010 WL 3488236, at *1, *3 (E.D. La. Aug. 27, 2010) (Barbier, J.) (awarding rates charged by New Orleans counsel of $360 in 2009 and $395 in 2010 for highly experienced partner's work); Hebert v. Rodriguez, No. 08-5240, 2010 WL 2360718, at *2 (E.D. La. June 8, 2010) (Barbier, J.), aff'd, 430 F. App'x 253 (5th Cir. 2011) (awarding $300 per hour to "a seasoned civil rights attorney with over 33 years of experience").

Next, I must determine the reasonable number of hours that plaintiffs' counsel expended on this litigation. As reflected in the evidence, plaintiff's counsel worked 23.4 hours on this case but seeks reimbursement for only 19.1 of those hours. In addition, I note that plaintiff's counsel has voluntarily excluded from his verified fee statements the time he obviously spent in preparation of the motion voluntarily to dismiss one of the defendants, Lewis, on or about June 13, 2014. Record Doc. Nos. 27 and 28. I find that these reductions reflect the exercise of prudent and reasonable billing judgment.

---

[1] The magistrate judge's report and recommendation was modified slightly to adjust the hours, but not the hourly rates.

Despite the dismissal of two of the four original defendants, a substantially favorable result, including a doubled statutory damages award based upon the court's finding of willful violation, was obtained as to the remaining two defendants. The case was efficiently and economically prosecuted, with the substantial majority of work necessarily being conducted as to the common issues and functions that were necessary to prosecution of the case as a whole. The only clearly segregated tasks attributable to plaintiff's unsuccessful efforts against the two dismissed defendants that remain in the fee statements after counsel's billing judgment reductions are .2 hours for preparation of summonses as to the two dismissed defendants on July 25, 2013, and the subsequent filing of their executed summons returns, and .3 hours spent reviewing the answer of subsequently dismissed defendant Tigler on September 4, 2013. Record Doc. No. 41-2 at pp. 1-2. Thus, I will deduct this additional .5 hours from the number of compensable hours requested in plaintiff's motion.

Taking these minimal additional reductions into account results in a total lodestar amount of attorney's fees, when the reduced hours of 18.6 are multiplied by the reasonable hourly rate of $300.00 set forth above, of $5,558.00. All of the Johnson factors are subsumed in the lodestar analysis set out above. The contingent fee arrangement noted by plaintiff's counsel in his motion papers is prohibited from consideration. Accordingly, I find that the lodestar amount of attorney's fees in the amount of $5,558.00 is reasonable and awardable.

Plaintiff seeks costs only in the amount of $400.00, reflecting its counsel's payment on its behalf of this court's filing fee. This expense is clearly recoverable. 28 U.S.C. § 1920; Mota v. Univ. of Tex., 261 F.3d 512, 529 (5th Cir. 2001) ("a court may tax the following costs: fees of the clerk. . .")

## RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion for attorney's fees and court costs should be GRANTED in that defendants, Evolution Entertainment Group, LLC, ("Evolution") and Dwayne Thomas, should pay to plaintiff, J&J Sports Productions, Inc., $5,558.00 in reasonable attorney's fees plus $400.00 in costs.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this  16th  day of September, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.